NUMBER
13-01-721-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTIBEDINBURG

 

STEVEN JOSEPH COLLINS,                                         Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

    On appeal from the 252nd District Court
of Jefferson County, Texas.

 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                   Opinion by
Justice Yañez

 

 

Appellant,
Steven J. Collins, appeals his conviction for possession of a controlled
substance.[1]  We affirm.








Pursuant to a
written plea bargain agreement, appellant pled guilty to the offense of
possession of a controlled substance on July 27, 2000, and was sentenced to two
years confinement, which was suspended for three years of community
supervision.  On July 30, 2001, appellant
pled true to violating the conditions of his probation by committing the
offenses of: evading detention, failure to identify, and possession of
marijuana.  The trial court granted the
State=s motion to
revoke probation and sentenced appellant to the previously determined two-year
jail term.

Appellant=s
court-appointed counsel has filed a brief stating that he has thoroughly
reviewed the clerk=s record and
the court reporter=s record in
this case and found this appeal to present no meritorious issues.  See Anders v. California, 386 U.S.
738, 744 (1967).  Counsel has certified
that he has given the appellant a copy of his appellate brief and informed him
of his right to examine the record and file a pro se response or
brief.  No such response or brief has
been filed.  Counsel has presented no
points of error to this Court.

In Penson v. Ohio,
488 U.S. 75, 80 (1988), the Supreme Court discussed the responsibilities of an
appellate court upon receiving a Afrivolous appeal@ brief.  The court stated:  Aonce the appellate court
receives this brief, it must then itself conduct >a full examination of all the proceeding[s] to
decide whether the case is wholly frivolous.= A  Id. 
(quoting Anders, 386 U.S. at 744).  This we have done and we conclude that the appeal
is wholly frivolous.  We affirm the
judgment of the trial court.

 

 

                                                              
                                                       

LINDA REYNA
YAÑEZ

Justice

 

Do not publish.  Tex.
R. App. P. 47.3.

Opinion delivered and filed this the

29th day of August, 2002.








 











[1] Tex. Health & Safety Code Ann. ' 481.115
(Vernon 1992).